## FIRST NAT. BANK OF SALT LAKE CITY
## v. HAYMOND et al.

No. 5734. Decided May 23, 1936. (57 P. [2d] 1401).

*Gustin & Richards,* of Salt Lake City, for appellants.

*Bowen & Quinney,* of Salt Lake City, for respondent.

ELIAS HANSEN, Chief Justice.

This is an appeal from that part of the judgment rendered by the court below in a mortgage foreclosure proceeding which awarded plaintiff a deficiency judgment against the appealing defendants. There is no controversy as to the facts. They are as follows: On October 22, 1926, the appealing defendants and others of the defendants made, executed, and delivered to the Deseret Savings Bank, a corporation, a negotiable promissory note for the principal sum of $1,750. The note bore interest at 7 per cent. per annum, payable quarter yearly. On the same day the note was so executed and delivered the appealing defendants and others of the defendants also made, executed, and delivered to the plaintiff, as security for the payment of the note, a real estate mortgage on the east one-half of lot 2, block 1, plat "I", Salt Lake City survey, subject to a right of way over and across the north 10 feet thereof. Prior to the commencement of this suit, the note and mortgage were transferred to plaintiff. At the time of the trial of this cause, plaintiff was the owner and holder of the note and mortgage. The complaint filed by the plaintiff is in the usual form of a suit to foreclose a mortgage. The defendants who do not appeal were served with summons by publication. Personal service of summons was had on the appealing defendants. They answered. In their answer they, among other matters, alleged that the mortgaged property is of a value in excess of $8,000 and is of a value far in excess of the amount owing upon the note and mortgage; that prior to the commencement of the mortgage foreclosure suit they offered, and they now offer, to convey to plaintiff all of their right, title, and interest in and to the mortgaged property in full satisfaction of plaintiff's claim against them. Defendants pray judgment that plaintiff take nothing by its complaint, that they be awarded their costs and for general relief. At the trial plaintiff offered in evidence its note and mortgage together with testimony touching the

amount owing thereon. It is made to appear that there was due and owing on the note and mortgage the principal sum of $1,712.10, together with interest thereon at the rate of 7 per cent. per annum from and after October 22, 1931. It was also made to appear that plaintiff had expended $8 for an abstract of title for the mortgaged premises and that $175 was a reasonable attorney's fee for the foreclosure of the mortgage. Defendants offered evidence over the objection of plaintiff tending to show that the mortgaged property was at the time the note became due of the market value of $8,662.50 and at the time of the trial of a market value of $5,775. It was further made to appear that it was problematical whether a ready market for the mortgaged property could be found, that at the time of the trial the unpaid taxes on the mortgaged property amounted to $1,655.44, and that the taxes for the current year, not delinquent at the time of trial, amounted to $213.90.

Upon the pleadings so filed and the evidence so adduced the court below made and entered its findings of fact, conclusions of law and judgment. By the judgment it was, among other matters, ordered that the mortgaged property be sold at public auction by the sheriff of Salt Lake County according to the law and the practice of the court, and that the proceeds of the sale or so much thereof as was necessary be applied to pay the sum of $2,893.52, the amount owing upon the note and mortgage, including costs and attorney's fees;

"that if the moneys arising from said sale shall be insufficient to pay the amount so found due plaintiff * * * then upon the coming in of the return of the sheriff showing such deficiency there shall be docketed a judgment of this court in favor of plaintiff and against the defendants, A. L. Haymond, Jr., Florence Haymond, Walter Conrad Haymond, Gladys A. Haymond, Winifred Haymond, Marian Haymond, and each of them, for the amount of such deficiency, together with interest thereon at the rate of 7% per annum from date of said return and judgment and plaintiff shall have execution therefor and for its accruing costs."

This appeal is prosecuted from only that part of the judgment which we have just quoted. Over the objection of plaintiff, the court below permitted the appellants to include as a part of their bill of exceptions the return of the sheriff of the sale of the mortgaged property and the entry of the deficiency judgment against the defendants mentioned in that part of the judgment heretofore quoted. The return shows that the mortgaged property was bought in by plaintiff at the sheriff's sale for the sum of $100. A deficiency judgment was entered against the defendants heretofore mentioned in that part of the judgment above quoted in the sum of $2,230.16. The mortgaged property was bought in subject to the lien for the unpaid taxes.

It is the contention of appellants that the court below was in error in awarding a deficiency judgment. That is the only attack made upon the judgment appealed from. It is urged by appellants that, this being a suit in equity, and the mortgaged property having an intrinsic market value in excess of plaintiff's demand, no deficiency judgment should have been entered. In support of that contention, reliance is had upon the doctrine announced in the following cases: *Monaghan* v. *May*, 242 App. Div. 64, 273 N. Y. S. 475; *Suring State Bank* v. *Giese*, 210 Wis. 489, 246 N. W. 556, 85 A. L. R. 1477; *Northern Pac. Ry. Co.* v. *Boyd*, 228 U. S. 482, 33 S. Ct. 554, 57 L. Ed. 931; *Innes* v. *Stewart*, 36 Mich. 285; *Federal Title & Mortg. Guaranty Co.* v. *Lowenstein*, 113 N. J. Eq. 200, 166 A. 538; *Farmers' & M. Sav. Bank* v. *Eagle Bldg. Co.*, 151 Misc. 249, 271 N. Y. S. 306; *Brereton* v. *Miller*, 7 Utah 426, 27 P. 81; *Russell* v. *Hank*, 9 Utah 309, 34 P. 245.

In the case of *Monaghan* v. *May*, supra, the trial court refused to grant a deficiency judgment. The mortage foreclosed in that suit aggregated $24,077.55. Plaintiff bid in the property for $5,000 and thereafter moved the court to confirm the referee's report of sale and for a deficiency judgment of $19,791.71. The sale was confirmed, but a deficiency judgment was denied because the value of the mort-

gaged property equalled the mortgage debt and completely satisfied it. The appellate court held that under section 1083 of the Civil Practice Act of New York, which provided a deficiency judgment may be awarded in a mortgage foreclosure proceeding, a court of equity may refuse to authorize the entry of a deficiency judgment when the mortgaged property has been sold at foreclosure sale to the mortgagee at an inadequate price. In the case of *Suring State Bank* v. *Giese,* supra, property variously estimated of a value at from $1,000 to $3,000 was sold at mortgage foreclosure sale to the mortgagee for $600. The mortgagee asked for a deficiency judgment of $1,379.16 upon an original loan of $2,000. The trial court refused to grant a deficiency judgment. Upon appeal the Supreme Court of Wisconsin held that a court of equity may decline to confirm a sale under foreclosure, when, because of economic depression, there is almost a complete absence of a market for realty and the bid is substantially inadequate. In that case it was ordered that the mortgagee should be permitted to retain the property in payment of the obligation or, in the event it failed to do so, that the sale should be set aside and a resale ordered. In the case of *Federal Title & Mortgage Guaranty Co.* v. *Lowenstein,* supra, it was held that, "while ordinarily confirmation of judicial sale will not be refused because of mere inadequacy of price, slight circumstances in addition thereto or gross inadequacy of price sufficient to shock court's conscience justifies refusal to confirm." "Chancery Court has inherent power to regulate and control mortgage foreclosure sales to end that equity shall be done to all parties." "Where mortgage foreclosure sale, because of lack of competitive bidding, accomplished no more than strict foreclosure, mortgagee would be required to accept mortgaged premises at fair value before sale would be confirmed." The quotations are from the syllabi which fairly reflect the law announced in the opinion. In the case of *Innes* v. *Stewart,* supra, it is held that, where interested parties in a foreclosure sale make arrangements with pros-

pective bidders to prevent them from bidding at the sale, resulting in the mortgaged property being sold for much less than its value, a deficiency judgment will be enjoined in equity. In the case of *Farmers' & M. Sav. Bank* v. *Eagle Bldg. Company*, supra, it is held that, in an action to foreclose a mortgage where existing economic conditions require a determination in advance of sale, a court of equity has inherent powers to fix an upset price to be bid upon sale of the mortgaged property. The statutory law affecting the foreclosure of mortgages in the foregoing jurisdictions is unlike the statutory law affecting the same subject-matter in this jurisdiction. It will be noted that in the jurisdictions from which the foregoing cases are cited the court must confirm the sale before it is final. As will presently appear, under our practice the courts do not confirm sales made under mortgage foreclosures.

The cases cited from the Supreme Court of the United States and from this jurisdiction are so unlike the case in hand as to be of but little, if any, aid in solving the question under review. The rights of the mortgagor and mortgagee are well established in this jurisdiction by legislative enactments. Thus, regardless of the form of the instrument used to create a mortgage, the title to the mortgaged property remains in the mortgagor. R. S. Utah 1933, 78-1-13. A mortgage is an incident to the obligation which it is given to secure. Even though the mortgaged property be destroyed, the mortgagor and other obligors remain liable for the payment of the debt. *Azzalia* v. *St. Claire*, 23 Utah 401, 64 P. 1106; *Smith* v. *Jarman*, 61 Utah 125, 211 P. 962; *Carlquist* v. *Coltharp*, 67 Utah 514, 248 P. 481, 47 A. L. R. 765. So also mortgaged property must be sold and the proceeds derived from the sale thereof applied to the payment of the obligation before a deficiency judgment may be entered against those liable for the payment of the debt. R. S. Utah 1933, 104-55-1; *Salt Lake Inv. Co.* v. *Stoutt*, 54 Utah 100, 180 P. 182; *Coburn* v. *Bartholomew*, 50 Utah 566, 167 P. 1156; *Blue Creek Land & Live*

*Stock Co.* v. *Kehrer,* 60 Utah 62, 206 P. 287. If the property does not sell for enough to discharge the debt secured, a deficiency judgment must be docketed by the clerk for such deficiency against the persons liable for the payment of the obligation if personally served with summons, and execution may issue for such deficiency as in the case of other judgments.

Thus the trial court has finished its duties with respect to foreclosure proceedings when the decree of foreclosure and the order of sale are entered, unless the matter of the proceedings had at the sale is brought to the attention of the court by a proper proceeding. R. S. Utah 1933, 104-55-2; *Boucofski* v. *Jacobsen,* 36 Utah 165, 104 P. 117, 26 L. R. A. (N. S.) 898; *Howe* v. *Sears,* 30 Utah 344, 84 P. 1107; *Donaldson* v. *Grant,* 15 Utah 231, 49 P. 779. It will be noted that under our procedure a trial court is not called upon to confirm the sale of mortgaged property. The clerk must, as a mere ministerial duty, enter a deficiency judgment against the proper parties when the return of the sale shows that the mortgaged property is not sold for an amount sufficient to pay the amount due and owing.

We are in accord with the general doctrine announced in the cases cited by appellants that a court of equity has inherent authority to see that equity shall be done to all parties in a mortgage foreclosure proceeding. The lawmaking power, however, may place, and in this jurisdiction has placed, limits on such authority and has prescribed rules for its exercise. Under our laws affecting the foreclosure of mortgages, we can see no escape from the conclusion that a mortgagee is entitled to have the mortgaged property sold under foreclosure sale, and, in the event the property does not sell for sufficient to satisfy the mortgage debt, to have a deficiency judgment entered in the usual way, notwithstanding the value of the mortgaged property is in excess of the debt owing to the mortgagee. Thus the equitable powers which the courts may exercise at the time of confirmation in the jurisdictions from which

cases are cited by appellants may in this jurisdiction be exercised only after sale upon proper application by the party who claims to be injured. Moreover, to require the mortgagee to accept the mortgaged property in lieu of the money which the mortgagors have agreed to pay would be to make a contract for the parties contrary to their agreement. This the courts may not do. Under our statutory law the mortgagor and other parties interested in the mortgaged property are given six months after sale in which to redeem the property sold. The redemption may be had by paying the sale price, together with 6 per cent. interest thereon. R. S. Utah 1933, 104-37-31. These provisions are calculated to protect from injury the mortgagor and others who may have an interest in the property. If the mortgagee or other purchaser bids in the property for less than its value, such mortgagee or purchaser may be deprived of all anticipated profit by redemption. Nor is redemption of the mortgaged property the sole remedy available to the mortgagor. It is quite generally held that substantial inadequacy of price, coupled with fraud, mistake, or other unfair dealing is sufficient to justify a court of equity upon timely motion to set aside the sale and order a resale. We need not determine whether the existence of a lack of market occasioned by a depression, when coupled with inadequacy of price, is or is not sufficient ground for setting aside a sale. No such motion was made before the court below. Therefore that question is not before us for review. Nor was any motion made in this case as was made in the case of *Farmers' & M. Sav. Bank* v. *Eagle Bldg. Company,* supra, requesting the trial court to fix a minimum price that would be accepted for the mortgaged property.

Even though we should accept the doctrine advocated by appellants in its entirety, it would be going a long way under the evidence in this case to hold that the court below at the time the decree of foreclosure was entered knew that there would be no market for the mortgaged property. The evidence offered by them does not justify

such a conclusion. The most that can be said for the testimony offered in their behalf is that it was problematical whether the mortgaged property would or would not bring a fair price at the time of sale. If the sale of the property in question is vulnerable to attack for any reason, the court below should have been given an opportunity to correct the claimed injury before recourse may be had to a reviewing court.

From what has been said, it follows that the judgment appealed from should be, and it accordingly is, affirmed. Costs to respondent.

EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.

FOLLAND, J., did not participate herein.