337 P.2d 429

Gene W. MOWER, Plaintiff and Respondent,

v.

Etta BOHMKE, Defendant and Appellant.

No. 8826.

Supreme Court of Utah.

April 3, 1959.

54

Alston & Maughan, Salt Lake City, for appellant.

Gaylen S. Young, Sr. and Gaylen S. Young, Jr., Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff received judgment against defendant for false imprisonment on the 19th of October, 1949. Execution was issued on certain real property belonging to defendant on February 14, 1957. Defendant filed a declaration of homestead pursuant to U.C.A., Sec. 28-1-10 (1953) on May 6, 1957. Proper notice was given for the sale of the property to be held May 21, 1957. The sale was postponed by daily proclamation pursuant to Rule 69(e) (2) until June 4, 1957. Plaintiff bid in his judgment, including interest and costs totaling $6,311.18. Sheriff's deed was executed on November 27, 1957. In January, 1958, defendant appeared with new counsel to move that the deed be set aside as improperly given and that the sale be nullified. The trial court declared the sheriff's deed to be invalid and, upon stipulation of both parties, gave defendant 60 days in which to redeem the property. The trial court found the sale to be valid and binding and found the homestead declaration to be invalid. Defendant appeals from the trial court's finding concerning the sale and the declaration of homestead. The defendant presents three arguments which are discussed in order.

■ (1) Defendant contends that a judicial sale cannot be postponed by oral declaration under Rule 69(e) (2) on a Sunday or other legal holiday because the sale is judicial business within the meaning of U.C.A., Sec. 78-7-8 (1953) (requiring that Sundays be *dies non juris*). He further contends that a postponement occurring on a Saturday or the day before a legal holiday cannot be a postponement to the next business day because Rule 69(e) (2) allows only a postponement of one day. Since the postponements occurred daily from May 21 to June 4, they ran over two Sundays and Memorial Day, a legal holiday. Defendant concludes there was improper notice under Utah law and therefore the sale is void.

Rule 6(a) answers the defendant's argument. It provides that when a period of time specified under the rules ends on a Sunday or other legal holiday, the period runs until the end of the next day which is neither a Sunday nor a legal holiday. See also State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294; Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631.

■ Even without the existence of Rule 6(a), it seems doubtful that defendant's contention would succeed. Statutes and rules such as 69(e) (2) should be interpreted according to the type problem with which they deal. Here we are concerned with a rule granting the selling officer the authority to

postpone a judicial sale if it seems expedient to him in the interests of the parties concerned or for other sufficient reason. Such a rule, designed in the interests of justice, should not fall to a technicality.

In view of the above, there seems to be no reason to rule on whether a judicial sale is judicial activity within U.C.A., Sec. 78-7-8 (1953).

■ (2) Before the sale was to be held on May 21, defendant's counsel requested that the sale be postponed for an indeterminate number of days. Plaintiff's counsel acceded to the request on the condition that the postponements be according to Rule 69 (e) (2). This was agreed to by the defense attorney and by the sheriff. On June 4, one-half hour before the sale occurred, the sheriff notified defendant's attorney that he was going to hold the sale. The attorney made no objection. Defendant's new counsel contends that one-half hour is insufficient notice and therefore the trial court erred in sustaining the sale. Presumably, the defendant bases her argument on the doctrine that a court of equity may overturn a judicial sale for good and sufficient cause. Dean v. Lusk, 241 Ala. 519, 3 So.2d 310.

Defendant's attorney argues that plaintiff's attorney knew when the sale would occur and should have told him. Plaintiff's attorney admits knowledge, but replies (1), that he tried to contact the defendant's attorney; (2), that defendant's attorney should have answered at least one of the phone messages; and, (3), at least he should have complained when the sheriff called him. Defense counsel denies receiving any phone messages and replies that he thought he'd try to contact people interested in bidding on the property, rather than complain to the sheriff. The trial court sustained the sale on the doctrine of waiver, finding that the defendant had waived any right to further notice. See 2 A.L.R.2d 6.

■ The policy of the courts is to uphold judicial sales except when they are manifestly unfair. Page v. Commonwealth, 176 Va. 351, 11 S.E.2d 621. Especially is this true in a state such as Utah which has a substantial period of redemption. Parker v. Clayton, 248 Ala. 632, 29 So.2d 139. Compare Crane v. Bielski, 15 N.J. 342, 104 A.2d 651. This is because courts hope that such a policy will encourage bidding at judicial sales and because it appears to be a waste of time to require a new sale where little evidence is presented to show that the bid price at the new sale will be any different from the bid at the old. In the instant case defendant has presented no evidence to show that the price was unfair or that defendant was injured by the conduct of the sale. It follows that the trial court ruled correctly in refusing to overturn the sale.

(3) Defendant filed a declaration of homestead pursuant to U.C.A., Sec. 28-

1–10 (1953). In it she describes herself as a widow, describes the property and values it. Defendant contends that the sale should be set aside because the sheriff gave inadequate consideration to the declaration

 The right of heads of family to select a homestead exempt from creditors is authorized by the Constitution. Article XXII, Section 1. The provision requires that the legislature enact statutes granting this right, which the legislature has done. U.C.A., Title 28. The legislative definition of "Head of Family" is found in U.C.A., Sec. 28–1–5 (1953). The definition requires that there be a family. Thus a husband or wife is entitled to the exemption; so is a person having certain specified relatives residing with him and under his care. Further, it is incumbent on a party claiming an exemption to prove it. As to procedure to be followed in cases where a homestead exemption is involved see Giesy-Walker Co. v. Briggs, 49 Utah 205, 162 P. 876.

It is undisputed that the defendant is a widow, without husband or family. Therefore the trial court correctly ruled that she was not the "head of a family" as required by the exemption statute.

The judgment of the trial court is affirmed. Costs to plaintiff (respondent).

CROCKETT, C. J., and WADE and HENRIOD, JJ., concur.

WORTHEN, J., concurs in the result.