485 P.2d 673

Fred G. JENSEN and Miriam D. Jensen, Plaintiffs and Appellants,

v.

Ray L. NIELSEN and Mabel W. Nielsen, Defendants and Respondents.

No. 12160.

Supreme Court of Utah.

May 27, 1971.

Mattson, Jackson & McIff, K. L. McIff, Richfield, for plaintiffs and appellants.

Tibbs & Tervort, Manti, for defendants and respondents.

CROCKETT, Justice:

The plaintiffs Jensen, who had purchased the "Nelson Motor Court" in Panguitch from the defendants, after complying with notice to vacate the property, sued to recover back part of the payments they had made under the purchase contract. Their stated theory is that inasmuch as defendants got their property back, in equity and good conscience they should be required to reimburse to the plaintiffs all payments made, less only the reasonable rental value and any loss accruing to defendants during plaintiffs' occupancy. Upon a plenary trial the district court found the issues against the plaintiffs and rejected their contention. They appeal.

The contract of purchase of the motor court was executed on July 1, 1958. It acknowledged receipt of the down payment of $10,150 and $200 per month on the balance. The plaintiffs made these payments (sometimes delinquent) for 34 months, until December 1, 1961, a total of $6,800. At that time the payments became delinquent, as were property taxes and improvement assessments. Nevertheless, the plaintiffs remained in possession of the property for a further period of about six months, until July 1962, when pursuant to notices so demanding, they vacated the premises.

Two and a half years later plaintiffs commenced this suit. In support of their asserted cause of action under the theory of unjust enrichment, the plaintiffs cite and rely on certain decisions of this court dealing with the tempering of the harshness of the literal enforcement of forfeitures provisions: Malmberg v. Baugh, 62 Utah 331, 218 P. 975; Croft v. Jensen, 86 Utah 13, 40 P.2d 198; Young v. Hansen, 117 Utah 591, 218 P.2d 666; Perkins v. Spencer, 121 Utah 468, 243 P.2d 446; Jacobson v. Swan, 3 Utah 2d 59, 278 P.2d 294; Cole v. Parker, 5 Utah 2d 263, 300 P.2d 623; Strand v. Mayne, 14 Utah 2d 355, 384 P.2d 396.

The plaintiffs' demand seem to be premised on the idea that those decisions stand for a general proposition that if the buyer under such a real estate contract cannot perform, he can relinquish the property

and demand reimbursement under an accounting which, roughly stated, charges him for the reasonable rental value plus any damages suffered by the seller, and credits him with any amounts he has paid in excess thereof. Those cases do not give support for any such general proposition as advocated by plaintiffs. A point to be noted is that they generally deal with attempts to forfeit a purchase contract and dispossess a buyer ·in possession; whereas in the instant case the buyers had relinquished their possession. In regard to that difference, we observe that if it should appear that the interests of justice so demand, we see no reason why the court under its equitable powers should be helpless to grant relief to rectify an egregious wrong.

Without reviewing each of the decisions in detail we point out that there are certain foundational principles which necessarily underlie them. The first is that parties are free to negotiate and enter into contracts as they desire, and that the covenants agreed upon are binding upon the parties unless because of some consideration of illegality, public policy, fraud or inequity the courts will refuse to enforce them. The forfeiture provision usually included in such real estate contracts has the entirely legitimate objectives: of putting pressure on the buyer to make his payments and keep the covenants of the contract; and the concomitant protection of the seller. This facilitates and encourages time-payment real estate transactions by enabling a purchaser to acquire property on such a contract; and it enables the seller to cooperate in that purpose by assuring him that through proper procedure he can reclaim his property in case the buyer fails to perform.

If at any time this happens the law would require an accounting as advocated by the plaintiffs, the advantages above mentioned would be lost. Furthermore, inasmuch as in the event trouble develops the court would take over and fashion another contract for the parties anyway, the right of contract would be seriously impaired. Consequently there would be little point in the parties giving much concern to negotiating their contract in the first place. But the law does not do this. Even if it be true that in some exigencies the courts refuse to enforce such forfeitures, before this is done there is an essential predicate which first must be found to exist: the circumstances must be such that if the forfeiture were applied, it would be so grossly excessive in relation to any realistic view of loss that might have been contemplated by the parties, that it would so shock the conscience that a court of equity would refuse to enforce such forfeiture. This doctrine was clearly expressed for this court through Justice

Wade in the case of Jacobson v. Swan, 2 Utah 2d 59, 278 P.2d 294:

> Parties to contract to purchase real estate have right to contract that in event of default, all payments which have been made will be forfeited as liquidated damages, and such right should not be lightly interfered with, and it is only when forfeiture would be so grossly excessive as to be entirely disproportionate to any possible loss that might have been contemplated, so that to enforce it would shock conscience, that court of equity will refuse to enforce provision.

■ In this instance there is a wide disparity between the claims of the parties as to the accounting. Plaintiffs claim the following:

Paid by buyers (plaintiffs)

| | |
|---|---|
| Down payment | $10,150.00 |
| 34 monthly payments x $200 | 6,800.00 |
| Spent on improvements | 2,977.00 |
| Total | $19,927.00 |

Plaintiffs acknowledge these credits due sellers (defendants):

| | |
|---|---|
| Reasonable rental 48 months x $200 | $ 9,600.00 |
| Commission paid on sale | 500.00 |
| Delinquent taxes paid | 437.20 |
| Delinquent special assessments | 871.74 |
| Total | $11,408.94 |
| Difference | $8,518.00 |

In addition to the foregoing, it is without dispute that the best offer for the property after plaintiffs' occupancy was $5,000 less than plaintiffs had agreed to pay for it. Thus defendants were entitled to credit for that additional amount (see Perkins v. Spencer cited above) as loss of favorable bargain, or as diminution in value. This leaves a loss of $3,518 to the plaintiffs under their own view of the evidence. This is further diminished in accordance with the defendants' evidence that the actual real estate commission paid was $2,500 instead of $500 and that they had to spend $1,200 immediately for replacement of personal property. Under the traditional rule of review,[1] it will be seen that there is no basis for this court to disagree with the determination of the trial court that there was nothing unconscionable about the defendants retaining the moneys paid to them under the contract.

Affirmed. Costs to defendants (respondents).

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

1. Even though, as plaintiffs contend, this court may review the evidence in a case of equity, due to the prerogatives and advantaged position of the trial court we look with favor upon his findings and judgment and do not disturb unless the evidence clearly preponderates against them. See Stone v. Stone, 19 Utah 2d 378, 431 P.2d 802; Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504.