**UNITED STATES of America, Plaintiff,**

**v.**

**George B. LOOSLEY, dba Farmers Supply Company, et al., Defendants and Appellants,**

**v.**

**Sterling GRIFFITHS and Donna Griffiths, his wife, Purchasers at Sheriff's Sale and Respondents.**

**No. 14247.**

Supreme Court of Utah.

June 15, 1976.

Lauren N. Beasley, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for defendants-appellants.

Michael W. Park, Cedar City, for respondents.

CROCKETT, Justice:

The United States (Small Business Administration) brought a foreclosure action on a service station at Cedar City after the lessors, George and Theodean Loosley, failed to repay a Small Business Administration loan.

Defendants Sterling and Donna Griffiths bid in and purchased the mortgagee's interest in the property at the sheriff's sale held on December 13, 1974. Subsequently, the Loosleys had assigned their interest to the defendants, Marion and Gladys Hammon, and the Hammons thereafter assigned their rights of redemption to defendant, Basic Investment, Inc., (hereinafter referred to as defendants). The latter appeals from a ruling of the district court that its attempt to redeem was invalid.

On June 12, 1975, one day prior to expiration of the six-month redemption period, defendant served a notice of redemption on Michael Park, attorney for the Griffiths, together with a check for $10,706, the correct amount needed to redeem the property. In response to a telephone call, the Griffiths asked Mr. Park if they had to accept the money or if there was any ground for rejecting it. Mr. Park stated, in substance, that he would look into the matter. Eight days later, on June 20, 1975, Mr. Park returned the check to Basic Investment with a letter which included:

> Enclosed herewith please find a check for $10,706 made out to Sterling Griffiths with the purchaser listed as Basic Investment Corporation.

> My clients have requested that I return that check to you for the reason that a certified copy of the docket of Judgment or a memorandum of record was not presented with the check, nor was an affidavit presented showing the amount actually due on the lien.

> Also, my client claims that the check was delivered to the wrong person and should have been delivered to himself or the Sheriff.

The claimed deficiencies referred to in the letter are based upon Rule 69(f)(2), Utah Rules of Civil Procedure:

> Redemption—How Made. At the time of redemption the person seeking the same may make payment of the amount required to the person from whom the property is being redeemed, or for him to the officer who made the sale, or his successor in office. At the same time the redemptioner must produce to the officer or person from whom he seeks to redeem, and serve with his notice to the officer: (1) a certified copy of the docket of judgment under which he claims the right to redeem, or, if he redeems upon a mortgage or other lien, a memorandum of the record thereof certified by the recorder; (2) an assignment, properly acknowledged or proved, where the same is necessary to establish his claim; (3) an affidavit by himself or his agent showing the amount then actually due on the lien.

■ In analyzing the Griffiths' contention that the provisions of the just quoted rule have not been complied with, there

are certain principles relating to mortgages and their foreclosure to be considered. The main purpose of a mortgage is to insure the payment of the debt for which is stands as security; and foreclosure is allowed when necessary to carry out that objective.[1] But foreclosure is in the nature of a forfeiture, which the law does not favor.[2] The proceeding is one in equity[3] in which principles of equity should be applied consistent with the above stated purpose; and neither the mortgage nor the foreclosure should be used as an instrument of oppression. Accordingly, the law provides for the six-month redemption period to give the debtor an opportunity to pay his debt and salvage his property.[4]

Consistent with the foregoing, rules and statutes dealing with redemption are regarded as remedial in character and should be given liberal construction and application to permit a property owner who can pay his debts to do so, and thus make his creditor whole, and save his property. Therefore, if a debtor, acting in good faith, has substantially complied with the procedural requirements of the rule in such a manner that the lender mortgagee is not injured or adversely affected, and is getting what he is entitled to, the law will not aid in depriving the mortgagor of his property for mere falling short of exact compliance with technicalities.[5]

Applying the principles just set forth to the facts here: it will be seen that none of the matters relied upon by the Griffiths as stated in the letter of June 20 could have had any adverse effect upon them. It is plainly apparent that they were excuses to justify a preconceived desire to refuse to accept the tender and release the mortgage. They did not then, and do not now, question that the debtor redemption-er's rights had, in fact, been properly assigned to the defendant; nor that the defendant made the tender of the correct amount due for redemption one day before the redemption period expired. When so advised they did not then indicate any ground whatsoever for rejecting the tender. If they had done so, defendants would have had 24 hours to remedy any technical deficiency. Under such circumstances, the law is that if one fails to state his objections to a tender, he is deemed to have waived them.[6]

In view of the undisputed facts as recited herein it is our opinion that the Griffiths were not justified in refusing to accept the tendered payment for redemption; and that upon receipt of that sum they are obliged to release the mortgage. It is so ordered. Costs to defendants (appellants).

HENRIOD, C. J., and TUCKETT, ELLETT and MAUGHAN, JJ., concur.

1. *First Nat. Bank of Salt Lake City v. Haymond*, 89 Utah 151, 57 P.2d 1401, 1405.

2. See *Jensen v. Nielsen*, 26 Utah 2d 96, 485 P.2d 673 (1971); *Jacobson v. Swan*, 3 Utah 2d 59, 278 P.2d 294.

3. *First Nat. Bank of Salt Lake City v. Haymond*, 89 Utah 151, 57 P.2d 1401, 1405.

4. 55 Am.Jur., Mortgages, Sec. 867.

5. *Osborn Hardware Co. v. Colorado Corp.*, 32 Colo.App. 254, 510 P.2d 461, 463.

6. See *Mower v. Bohmke*, 9 Utah 2d 52, 337 P.2d 429; 55 Am.Jur.2d, Mortgages, Sec. 900.