**PARK VALLEY CORPORATION, a Utah corporation, Plaintiff and Respondent,**

v.

**Gerald H. BAGLEY and June L. Bagley, his wife, Donald G. Mantyla and Colleen C. Mantyla, his wife, Donald George Mantyla II, Meredith Mantyla and John Martin Mantyla, Defendants and Appellants.**

**No. 17162.**

Supreme Court of Utah.

July 30, 1981.

---

15. Utah, 552 P.2d 136, 138 (1976), quoting McQuillin on Municipal Corporations.

Ralph J. Marsh, Salt Lake City, for defendants and appellants.

Allan M. Metos, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

This is an appeal by the sellers under a Uniform Real Estate Contract from a judgment requiring them to refund to the buyer part of the purchase price the buyer had paid on the contract prior to buyer's default.

On May 11, 1978, the defendants and appellants (sellers) entered into a Uniform Real Estate Contract with the plaintiff and respondent (buyer) for the sale and purchase of 7200 acres of land located in west-ern Box Elder County in this state for the sum of $1,080,000. The contract recited a down payment of $162,000 which consisted of $108,000 in cash and a credit of $54,000 for a commission paid by the sellers to the president of the buyer. The contract further provided for installments of $31,976.67 to be paid quarter-annually. Interest at the rate of 7% per annum accrued on the unpaid principal balance.

After making the down payment and paying the first installment of $31,976.67, the buyer failed to make any further payments and it informed the sellers that it had no intention of further performing. The sellers then served a notice of delinquency on the buyer on December 13, 1978, demanding that the contract payments be brought current. When no payment was received, a notice of forfeiture was served on the buyer on January 3, 1979. This notice stated that the buyer's interest in the contract was being terminated in accordance with its provisions, that all payments which had been made on the contract were being forfeited to the sellers as liquidated damages, and that sellers were re-taking possession of the property.

Subsequently, the buyer commenced this action against the sellers seeking the amount by which its payments under the contract exceeded the sellers' actual damages. While the buyer's complaint contained allegations of misrepresentation of the property, there was no proof of misrepresentation at the trial and that matter is not considered by us on this appeal. The trial court awarded judgment to the buyer in the amount of $66,956.01, arriving at that amount by finding the sellers' damage to be $73,020.66, and deducting that amount from a total of $139,976.67 paid in cash under the contract by the buyer.

The sellers assail the judgment below on the ground that it is not in accord with either the terms of the written Uniform Real Estate Contract or with the case of law of this state. The contract provided in Paragraph 16:

In the event of a failure to comply with the terms hereof by the buyer, or upon failure of the buyer to make any payment or payments when the same shall become due, or within thirty (30) days thereafter, the seller, at his option shall have the following alternative remedies:

(a) Seller shall have the right, upon the failure of the buyer to remedy the default within five (5) days after written notice, to be released from all obligations in law and equity to convey said property, and all payments which have been made theretofore on this contract by the buyer, shall be forfeited to the seller as liquidated damages for the non-performance of the contract, . . .

In an oft-cited opinion of this Court in *Perkins v. Spencer*, 121 Utah 468, 243 P.2d 446 (1952), we reviewed our previous decisions involving forfeiture provisions of Uniform Real Estate Contracts. We observed that we have uniformly upheld the enforcement of the forfeiture provision except in those occasional cases where to do so would allow an unconscionable and exorbitant recovery bearing no relationship to the actual damage suffered. We cautioned that when we fail to enforce a forfeiture provision, we are nullifying an important part of a contract agreed upon by the parties and hence nonenforcement should be resorted to only with great reluctance and when the facts clearly demonstrate that it would be unconscionable to decree enforcement.

The trial court here concluded that it would be unconscionable and exorbitant to allow the sellers to retain the full amount paid on the contract and accordingly entered judgment in favor of the buyer for the return of $66,956.01. This decision resulted from the trial court's determination that it would not allow the sellers the full amount of its loss of bargain. After the buyer refused to make any more payments on the contract, the sellers made efforts to re-sell the property resulting in a sale on July 5, 1979 for $935,000 which was $145,-000 less than defendants had agreed to pay. The trial court allowed the sellers only $15,-000 of that amount for loss of bargain. It

did so apparently on the basis that land values in that area were speculative. It specifically found that the $1,080,000 which the buyers agreed to pay for the property "greatly exceeded the real value of the property."

In *Perkins v. Spencer*, supra, we designated the items for which the seller was entitled to be compensated when the court determines whether the amount proposed to be forfeited is exorbitant. One of the items was the loss of an advantageous bargain. We elaborated on this item of damage in *Cole v. Parker*, 5 Utah 2d 263, 300 P.2d 623 (1956):

> Thus in the absence of a finding of fraud, the seller is entitled to be credited, in the computation of damage sustained because of the breach of contract, the difference between the contract price and the price for which he can sell the forfeited property. The fact that, according to plaintiff's evidence, this amount exceeds the amount paid on the contract forecloses further inquiry as to whether or not the forfeiture provision of the contract properly assessed the actual damages suffered by the defendants.

The trial court's ruling runs counter to an important principle which is a common thread running through many of the decisions of this Court. That principle is that sellers and buyers should be able to contract on their own terms without the indulgence of paternalism by the courts in the alleviation of one side or another from the effects of a poor bargain. They should be permitted to enter into contracts that may actually be unreasonable or which may lead to hardship on one side. *Carlson v. Hamilton*, 8 Utah 2d 272, 332 P.2d 989 (1958). Again, in *Peck v. Judd*, 7 Utah 2d 420, 326 P.2d 712 (1958), we reiterated that right of persons to contract freely and to make real and genuine mistakes when their dealings are at arms' length. See to the same effect, *Jensen v. Nielsen*, 26 Utah 2d 96, 485 P.2d 673 (1971), and *Zions Properties, Inc. v. Holt*, Utah, 538 P.2d 1319 (1975).

The above authorities are dispositive here. No reason appears in the record and

none has been suggested by the buyer why the court allowed only $15,000 of the undisputed $145,000 loss of bargain sustained by the sellers other than that the buyers misjudged the value of the land. No claim is made here that the buyers did not understand the legal effect of Paragraph 16(a) of their contract (forfeiture provision). They apparently entered into the contract with the intention of soon re-selling it, but they met without success. After only seven months they were unable to continue their performance under the contract. While they claimed misrepresentation they did not prove any. All that appears is that they over-obligated themselves and perhaps made an improvident bargain, but the courts cannot supervise decisions made in the business world and provide relief in this instance. *Cole v. Parker*, supra; *Carlson v. Hamilton*, supra; *Peck v. Judd*, supra.

The loss of bargain here was $145,000 and since that amount plus other undisputed items of damage sustained by seller exceeds the total amount paid by the buyer on the contract, the trial court erred in not enforcing the forfeiture provision thereby allowing the sellers to retain all amounts paid on the contract as liquidated damages.

The judgment below is reversed and the case is remanded with instructions to enter judgment in favor of the defendants. Costs are awarded to defendants sellers.

HALL, C. J., STEWART and OAKS, JJ., and CROCKETT, Retired Justice, concur.

MAUGHAN, J., did not participate before his death; CROCKETT, Retired Justice, sat.