**AMERICAN FALLS CANAL SECURITIES COMPANY, a Utah corporation, Plaintiff and Appellee,**

v.

**AMERICAN SAVINGS AND LOAN ASSOCIATION, a Utah Chartered Savings & Loan Association, et al., Defendants and Appellants.**

Nos. 860321, 880241.

Supreme Court of Utah.

May 30, 1989.

Ted Boyer and Edwin C. Barnes, Salt Lake City, for plaintiff and appellee.

Harold A. Hintze and Jeffrey Hill, Provo, for defendants and appellants.

HALL, Chief Justice:

Defendant American Savings and Loan Association ("American Savings") appeals the judgment of the district court which awarded to plaintiff American Falls Canal Securities Company ("American Falls") the proceeds of a foreclosure sale determined to be in excess of the obligation secured by a trust deed. American Savings advances on appeal the same principal arguments presented to the trial court, namely, that there were no proceeds generated at the foreclosure sale because American Savings made the only bid, which was a credit bid of existing indebtedness, and that American Falls had waived its right and was estopped by its conduct to assert its claim against American Savings.

American Falls owned a parking structure adjacent to the Smith–Bailey Building. The Drug Company, a partnership, obtained a loan from American Savings for acquisition and refurbishing of the Smith–Bailey Building. Pursuant to an agreement between American Falls and The Drug Company, American Falls agreed to subordinate its interest in the parking structure to a $3.1 million loan from American Savings to The Drug Company. The initial loan documents provided that the entire loan be secured by trust deeds on both the Smith–Bailey Building and the American Falls parking structure. However, on recommendation of legal counsel, American Falls signed a separate deed of trust securing only the payment of "$770,000.00 and no more." The pertinent language set forth in the trust deed reads as follows:

> FOR THE PURPOSE OF SECURING (1) the payment of an amount of $770,000.00, and no more, of that certain indebtedness evidenced by promissory note of even date herewith, in the principal sum of *Three Million One Hundred Thousand and no/100*, ($3,100,000.00 Dollars), made by The Drug Company, a Utah general partnership payable to the Beneficiary or order at the times, in the manner and with interest as therein set forth, and with the final payment due October 1, 1980, the lien of this Trust Deed not exceeding an amount of $770,000.00; (2) the performance of each agreement of Trustor herein contained; (3) the payment of all sums hereafter expended or advanced by Beneficiary un-

der or pursuant to the terms hereof or to protect the lien hereof, together with interest thereon as herein provided. PROVIDED, HOWEVER, that the making of such advances or expenditures shall be optional with the Beneficiary and PROVIDED FURTHER that it is the express intention of the parties to this Trust Deed that it shall stand as continuing security until all such advances and expenditures together with interest thereon, have been paid in full.

The Drug Company failed to repay the loan to American Savings as agreed and notices of default were recorded, after which the trustee noticed the property for sale. Prior to the sale, counsel for American Falls informed American Savings that American Falls had no interest in purchasing the parking structure, in bringing the loan current, or in bidding at the sale. American Savings informed all interested parties that it would bid the total outstanding debt in exchange for an agreement that the sale would not be enjoined or stayed by bankruptcy proceedings.

At the trustee sale of the American Falls property, American Savings was the sole bidder. American Falls was present at the sale and represented by counsel. American Savings credit-bid the sum of $929,461.54 for the parking structure, the entire amount owing on the American Falls property, including the $770,000 indebtedness recited in the trust deed, together with interest, costs, fees and sums expended by American Savings to protect its lien.

The record before us is clear (1) that prior to the trustee's sale of the subject property, American Falls, through its counsel, was in frequent communication with American Savings; (2) that American Falls had thirty days' prior notice of the trustee sale; (3) that American Savings intended to credit-bid the entire amount of the outstanding debt in exchange for an agreement by all interested parties that they would not seek to stay or enjoin the pending sale; (4) that prior to the sale, counsel for American Savings specifically inquired

of counsel for American Falls if his client wished to purchase the property at sale or otherwise negotiate with American Savings, and the answer was no; and (5) that counsel for American Falls stood silent at the trustee sale and raised no objection to the sale or to the amount of the credit bid.

■ The principles of waiver and estoppel have application in determining the rights of parties to foreclosure sales.[1] Hence, a party otherwise in position to object to a mortgage foreclosure sale may well be precluded from doing so based upon conduct sufficient to bring into operation the doctrines of waiver and estoppel.[2] 55 Am.Jur.2d *Mortgages,* § 861 in pertinent part provides:

[A] mortgagor may by acquiescence and failure to assert his rights at the proper time be estopped to set up irregularities in the foreclosure proceedings to defeat rights of the purchaser. Furthermore, the cardinal principle of estoppel, that one who knowingly and silently permits another to expend money on land, under a belief that he has title, will not be permitted to set up his own right to the exclusion of the rights of the one who made the improvements, finds application in a variety of ways where land has been sold under invalid foreclosure proceedings.

(Footnotes omitted.) Also, 55 Am.Jur.2d *Mortgages,* § 862 in part states:

[E]xcept where non-compliance results in a complete legal nullity, one otherwise entitled to object to a judicial sale in mortgage foreclosure proceedings as involving a defect or irregularity based upon a lack of or insufficient process, notice, advertisement or other designation with respect to the sale, designed for his benefit and protection, may waive, or be estopped from asserting, such defect or irregularity.

(Footnote omitted.)

This Court has heretofore followed the foregoing general rule. In *Mower v. Bo-*

---

**1.** 55 Am.Jur.2d *Mortgages,* § 860 at 750 (1971).

**2.** *Id.* at 750–51.

*hmke,*[3] a case involving a judicial sale of property, this Court upheld the trial court's determination that the property owner's failure to object to the notice of sale given its counsel constituted a waiver of the right to any further notice of the same.

 In the instant case, American Savings was the only bidder. American Falls had previously informed American Savings that it would not bid even the $770,000 it claimed was the maximum amount secured by the property. No other bidders were present. However, American Falls was on hand with full knowledge of the proceedings and silently acquiesced in the sale, not seeing fit to inform American Savings that its position was that the trust deed only secured $770,000 and nothing more and that it would subsequently claim that American Savings' bid of $929,461.54 created an excess. Had American Savings been so informed, it could then have bid only the sum of $770,000 which American Falls was unwilling to bid to save its own property, or for that matter, even a lesser amount.

It readily appears that American Savings' effort was to protect American Falls' debtor interest by bidding the entire indebtedness against the property in order that no deficiency would remain for which it could hold American Falls liable. Only now, subsequent to the sale, does American Falls seek to take advantage of that consideration and deprive American Savings of the sum of $159,461.54 on a theory of excess.

Ordinarily, the issues of waiver and estoppel involve questions of fact or mixed questions of law and fact. Where, however, the facts and circumstances are admitted or clearly established and where only one inference may reasonably be drawn from the evidence, as is the case here, waiver and estoppel become questions of law.[4] Accordingly, it was error for the trial court not to apply the doctrines of waiver and estoppel and thus preclude American Falls from recovering.

Reversed and remanded with instructions to dismiss. Costs to appellant.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

**3.** 9 Utah 2d 52, 337 P.2d 429 (1959).

**4.** 28 Am.Jur.2d *Estoppel and Waiver,* §§ 149, at 831–32, 174, at 864 (1966).