2014 UT App 21

**RED BRIDGE CAPITAL, LLC,**
**Plaintiff and Appellee,**

v.

**JAR FAMILY INVESTMENT CO., LTD.;**
**Jay R. Rice; And Anita A. Rice,**
**Defendants and Appellants.**

No. 20130365–CA.

Court of Appeals of Utah.

Jan. 24, 2014.

Thomas J. Klc, Salt Lake City, and Peter A. Klc, Attorneys for Appellants.

Timothy J. Dance and Brock N. Worthen, Salt Lake City, Attorneys for Appellee.

Before Judges JAMES Z. DAVIS, CAROLYN B. McHUGH, and J. FREDERIC VOROS JR.

Decision

PER CURIAM:

¶ 1 JAR Family Investment Co., Ltd., and guarantors Jay R. Rice and Anita A. Rice (collectively, Defendants) appeal an order granting summary judgment in favor of Red Bridge Capital, LLC (Red Bridge). The judgment resulted from the district court's decisions to grant Red Bridge's separate motions for summary judgment on the claims in Red Bridge's complaint and Defendants' counterclaim. On appeal, Defendants argue that the district court erred in concluding that both procedural and substantive unconscionability are required to support a finding that a contract provision is unconscionable and unenforceable. Defendants contend that the release provision in the settlement agreement was substantively unconscionable and therefore unenforceable. We affirm.

¶ 2 Beginning in 2005, Red Bridge made construction loans in the original principal amount of $1.9 million to JAR Family Investment, which loans were guaranteed by the Rices. After Defendants defaulted on the loans, Red Bridge sued and obtained a default judgment. Red Bridge and Defendants reached a settlement regarding the judgment and related obligations that they memorial-

ized in an Agreement, to be effective June 14, 2012. Under the terms of the Agreement, JAR Family Investment, as Borrower, executed a promissory note in the principal amount of $400,000 in favor of Red Bridge as Lender, and Jay and Anita Rice jointly and severally guaranteed the obligation. In the Agreement, the parties also exchanged mutual releases. After Defendants defaulted in their obligations under the Agreement, Red Bridge filed a second lawsuit, and Defendants counterclaimed, alleging that Red Bridge was liable for damages as a result of (1) misrepresentations made while the loan documents were being negotiated; (2) Defendants' inability to repay the loan; and (3) the failure of Red Bridge or its affiliates to release a lien related to a property covered by a deed of trust. Red Bridge filed separate motions for summary judgment on its complaint and on Defendants' counterclaims.

¶ 3 The release provision of the Agreement that is the subject of Defendants' appeal states,

> Borrower and Guarantor, individually and on behalf of their respective affiliates do hereby release, waive, acquit, and forever discharge the Lender and the Lender's subsidiaries, affiliates, officers, directors, agents, employees, and predecessors in interest … for, from and against any and all claims, demands, debts, actions, causes of action, suits, contracts, agreements, obligations, accounts, defenses, and liabilities of any kind or character whatsoever, known or unknown, suspected or unsuspected, in contract or in tort, at law or in equity, included without implied limitation, such claims and defenses as fraud, mistake, lender liability, breach of fiduciary duty, duress and usury, which the Borrower and Guarantor ever had, now have, or might hereafter have against the Lender and its Affiliates, for or by reason of any matter, cause or thing whatsoever, which relates to, in whole or in part, directly or indirectly: (i) the Loan; (ii) the Loan Documents; (iii) any of the property encumbered by the Deeds of Trust; (iv) the indebtedness evidenced by the Loan Documents; or (v) this Agreement. The Borrower and Guarantor shall not commence, join in, prosecute or participate in any suit

or other proceeding in a position which is adverse to any position of the Lender and its Affiliates arising directly or indirectly from any of the foregoing matters.

¶ 4 None of the material facts underlying Red Bridge's breach of contract claim alleging that Defendants defaulted in the payment of amounts due under the Agreement were subject to genuine dispute. Similarly, there can be no genuine dispute that the allegations in support of Defendants' counterclaim related to the matters within the scope of the release provision. Defendants' counterclaim was based upon claims that arose prior to the exchange of mutual releases in the Agreement. Where a release agreement unambiguously bars a claim, summary judgment is proper. *See Palmer v. Davis,* 808 P.2d 128, 132 (Utah Ct.App.1991) (concluding that a release is enforceable where its clear and unambiguous language bars the claim).

¶ 5 Defendants opposed summary judgment, arguing that the release provision was unconscionable and therefore unenforceable. The Utah Supreme Court clarified the analysis applied to a claim of unconscionability in *Commercial Real Estate Investment, L.C. v. Comcast of Utah II, Inc.,* 2012 UT 49, 285 P.3d 1193. In that case, the supreme court stated,

> In determining whether a contract is unconscionable, we use a two-pronged analysis. The first prong—substantive unconscionability—focuses on the agreement's contents. The second prong—procedural unconscionability—focuses on the formation of the agreement. But substantive unconscionability alone may support a finding of unconscionability.

*Id.* ¶ 42 (citations and internal quotation marks omitted). The unconscionability analysis focuses on the relative fairness of the obligations assumed at the time of contracting. *Id.* ¶ 45. The mere fact that it later appears that a party made an improvident bargain is not sufficient to support a finding of unconscionability. *See id.* "[T]he courts cannot supervise decisions made in the business world and provide relief." *Id.* (citing

*Park Valley Corp. v. Bagley,* 635 P.2d 65, 68 (Utah 1981)).

¶ 6 The district court ruled that the release provision was neither procedurally nor substantively unconscionable under the undisputed facts of this case. The fact that the district court stated a belief that proof of both procedural and substantive unconscionability is required before a contract provision can be deemed unenforceable does not require reversal.

¶ 7 Defendants further argue that the district court erred by concluding that the release was not substantively unconscionable and unenforceable. Defendants have failed to adequately brief this claim. Defendants have undertaken no analysis of the factors relevant to an assessment of substantive unconscionability. "Substantive unconscionability focuses on the contents of an agreement, examining the relative fairness of the obligations assumed." *Ryan v. Dan's Food Stores, Inc.,* 972 P.2d 395, 402 (Utah 1998) (citations and internal quotations omitted). The supreme court explained in *Ryan,*

> In determining substantive unconscionability, we consider whether a contract's terms are so one-sided as to oppress or unfairly surprise an innocent party or whether there exists an overall imbalance in the obligations and rights imposed by the bargain ... according to the mores and business practices of the time and place. Even if a contract term is unreasonable or more advantageous to one party, the contract, without more, is not unconscionable—the terms must be so one-sided as to oppress ... an innocent party.

*Id.* (citations and internal quotations omitted).

¶ 8 "An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *Mercado v. Hill,* 2012 UT App 44, ¶ 11, 273 P.3d 385 (citations and internal quotations omitted). "Implicitly, rule 24(a)(9) [of the Utah Rules of Appellate Procedure] requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Green,* 2004 UT 76, ¶ 13, 99 P.3d 820 (citation and internal quotation marks omitted). Because Defendants have not adequately briefed their unconscionability claim, they have failed to carry their burden of persuasion on appeal.

¶ 9 We affirm the district court's decision granting summary judgment in favor of Red Bridge on both the complaint and the Defendants' counterclaim.