**Barbara Ann SPRINGER, Plaintiff and Appellee,**

v.

**Michael Phillip SPRINGER, Defendant and Appellant.**

**No. 920349.**

Supreme Court of Utah.

May 13, 1993.

John T. Anderson, Salt Lake City, for plaintiff and appellee.

Thomas R. Blonquist, Salt Lake City, for defendant and appellant.

DURHAM, Justice:

Michael Springer appeals from an order of the district court ruling that he did not timely exercise his rights of redemption to property he owned in joint tenancy with Barbara Kudlik, formerly known as Barbara Springer. We affirm.

Michael and Barbara Springer were divorced in September 1988. The decree provided that the parties would hold certain property (the "Cherry Wood property") as joint tenants. After the divorce, Mr. Springer failed to pay child support as required by the decree, prompting Mrs. Kudlik to seek and obtain numerous orders and judgments for unpaid support. In an effort to enforce and collect on the child support judgments, Mrs. Kudlik obtained several writs of execution and garnishment, one of which resulted in a sheriff's sale on March 5, 1991, of Mr. Springer's interest in the Cherry Wood property. Mrs. Kudlik submitted the high bid of $5000.

On September 3, 1991, Mr. Springer communicated his desire to redeem the property. By letter dated the next day, Mrs. Kudlik's attorney advised Mr. Springer's attorney that in addition to the amount bid for the property, Mr. Springer would have to reimburse Mrs. Kudlik for delinquent taxes that her new husband had paid on the subject property. The letter informed Mr. Springer's attorney that Mrs. Kudlik would notify him of the amount due as soon as it was ascertained and that reimbursement would be due within forty-eight hours of notification. Mr. Springer does not claim that he or his attorney ever objected to the forty-eight-hour requirement. On September 5, 1991, Mr. Springer tendered a check for $5150.88, the amount of the bid plus interest. On September 9, 1991, Mrs. Kudlik's attorney communicated the amount due for reimbursement of the tax payment.

At this point, the controversy begins. Mrs. Kudlik demanded that Mr. Springer reimburse the entire tax payment, namely, $8209.16 plus interest. Mr. Springer, on the other hand, maintained that as a joint tenant, he owed only one-half of that amount. On appeal, Mr. Springer claims that the parties continuously negotiated the amount due between September 9, 1991, and November 6, 1991, the date on which he tendered payment of one-half the property taxes. However, Mrs. Kudlik contends that no such negotiations occurred. A letter dated September 20, 1991, sup-

ports Mrs. Kudlik's claim; the letter informed Mr. Springer that his payment was past due and that Mrs. Springer intended to demand a sheriff's deed for the property.

On November 6, 1991, nearly two months after Mrs. Kudlik first demanded payment, Mr. Springer reimbursed one-half of the tax payment, without interest. One week later, he obtained an ex parte order prohibiting the sheriff from issuing a deed to the property.[1] Finally, on November 15, 1991, Mr. Springer filed a petition pursuant to rule 69(f)(3) of the Utah Rules of Civil Procedure asking the district court to hear his objections to the amount demanded to redeem the property. After a hearing on December 6, 1991, the district court found the attempted redemption to be untimely, stating, "[G]iven the totality of the facts and circumstances in this case, generally, and the failure of [Mr. Springer] to timely exercise his rights of redemption and file the Petition, specifically, the Petition shall be, and it hereby is, denied...." Mr. Springer appeals from the order.

On appeal, Mr. Springer urges that the district court committed reversible error by ruling that his redemption was untimely. He notes that he tendered the amount of the bid plus interest within six months of the sheriff's sale and claims that he filed the petition promptly after learning of the dispute over the amount required to reimburse the tax payment. He thus alleges that he has met the requirements of rule 69(f)(3) in accordance with our prior construction of the rule. In addition, he asserts that the district court improperly based its ruling on his repeated failure to pay child support.

The parties agree that rule 69(f)(3) of the Utah Rules of Civil Procedure controls this appeal. This rule provides that a person seeking to redeem property sold through a sheriff's sale must pay the amount of the bid, together with any amounts spent for taxes or maintenance of the property, plus six percent interest. Redemption must take place within six months after the sale. In the event of a dispute over the amount owed to redeem the property, the rule provides:

> [T]he person seeking redemption may pay the amount necessary for redemption, less the amount in dispute, to the court out of which execution or order authorizing the sale was issued, and at the same time file with the court a petition setting forth the item or items demanded to which he objects, together with his grounds for objection; and thereupon the court shall enter an order fixing a time for hearing of such objections.

Utah R.Civ.P. 69(f)(3).

Mr. Springer paid the amount of the bid plus interest on September 5, 1991, exactly six months after the sheriff's sale; at issue is whether he complied with the rule in tendering the payment of the tax reimbursement and in filing the petition asking the court to resolve the dispute. Mr. Springer did not tender the tax reimbursement until November 6, 1991, at which time he paid one-half the amount demanded, *without* interest. He did not file his petition until November 15, 1991, almost two and one-half months after the redemption period expired under the rule.[2]

1. Mrs. Kudlik had this order dissolved on November 19, four days after Mr. Springer filed his petition.

2. Under rule 69(f)(3), the redemption period expired six months after the date of sale, or September 5, 1991. Mr. Springer tendered payment of the bid on that date. However, Mrs. Kudlik permitted extension of that time to allow for reimbursement of the delinquent property taxes paid by her new husband. She informed Mr. Springer that payment would be due forty-eight hours after she notified him of that amount. For the purposes of this appeal, we will accept the parties' agreement to extend the timetable imposed by the rule without deciding whether such private agreement is proper. Mr. Springer does not claim to have objected to the imposition of the forty-eight-hour requirement. He was notified of the amount due on September 9, 1991, and was subsequently informed that his payment was past due on September 20, 1991. Thus, even assuming without deciding that the parties validly extended the redemption period to September 20, 1991, the fact remains that Mr. Springer took no action for approximately seven weeks from that date. Furthermore, nine days passed between payment of the nondisputed amount and filing of the petition,

Mr. Springer attempts to circumvent the requirements of rule 69(f)(3) by urging this court to require substantial, rather than strict, compliance with the rule. This court has allowed substantial compliance with the requirements of rule 69(f)(2), which prescribes the process by which redemption is made, *United States v. Loosley*, 551 P.2d 506, 508 (Utah 1976), but not with rule 69(f)(3). Mr. Springer now asks us to extend *Loosley* to rule 69(f)(3) situations. However, in *Mollerup v. Storage Systems International*, 569 P.2d 1122, 1124 (Utah 1977), we held that redemption under rule 69(f)(3) requires strict compliance except where a court sitting in equity decides that the circumstances warrant an extension of the redemption period. Further, the court of appeals has distinguished between rules 69(f)(2) and 69(f)(3) and concluded that 69(f)(3) implicates substantive rights, requiring strict compliance with its terms. *Tech–Fluid Serv. v. Gavilan Operating*, 787 P.2d 1328, 1332–33 (Utah Ct.App.1990).

We need not decide whether to impose a strict or a substantial compliance standard, however, because Mr. Springer's attempted redemption was untimely under either test. As of September 20, 1991, Mrs. Kudlik put Mr. Springer on notice that he had failed to comply with the redemption procedures. She never strayed from her initial demand, first communicated on September 9, 1991, for total reimbursement of the delinquent taxes. From the outset, then, he was on notice of the dispute and was obligated by the terms of the rule to seek court intervention. His failure to act until November 6, 1991, and his delay in filing his petition until November 15, 1991, cannot be construed as even substantially complying with that provision. Moreover, his claim that he filed his petition "promptly after becoming aware that there was a dispute between the parties" is not supported by the evidence. His actions go far beyond the "mere falling short of exact compliance with technicalities" that we faced in *Loosley*. 551 P.2d at 508.

Mr. Springer further maintains that the trial court based its ruling on his repeated failure to honor his child support obligations.[3] However, the transcript of the proceeding indicates that the trial judge acknowledged that the support matter was not before her at that time. Indeed, when Mrs. Kudlik's attorney first mentioned Mr. Springer's ongoing refusal to obey court orders, the trial judge noted that she was aware of those difficulties but wanted to know "how this pertains to the issue of redemption." She used the support matter only to illustrate that the equities were not on Mr. Springer's side, and after ruling, she used the opportunity, brought about by his presence in court, to remind him of his obligations. We are not prepared to hold today that a trial court may not avail itself of a litigant's presence in court to suggest compliance with its orders in a related proceeding. Furthermore, were we to apply the substantial compliance test and consider the circumstances of this case, Mr. Springer's repeated disregard for court orders and the welfare of his children would hardly "move the conscience of the [c]ourt" in his favor, *Mollerup*, 569 P.2d at 1124, much as the trial court suggested. We thus reject Mr. Springer's challenge.

For the foregoing reasons, we affirm the order of the district court denying Mr. Springer's petition for relief under Utah Rule of Civil Procedure 69(f)(3).

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

despite the rule's requirement that the two occur at the same time. Utah R.Civ.P. 69(f)(3).

3. The trial judge who denied the rule 69(f)(3) petition presided over at least one of the support collection proceedings.