2011 UT App 51

Allen F. GRAZER, Appellant,

v.

Gordon A. JONES and Linda G. Jones, husband and wife and as Trustees of the Gordon and Linda Jones Family Trust; Gordon Jones Construction, LC; Richard H. Barney and Renae Carnon Barney, husband and wife; Ludvig D. Olsen and Jackie M. Olsen, Trustees of the Ludvig D. Olsen and Jackie M. Olsen Trust, Appellees.

No. 20090983–CA.

Court of Appeals of Utah.

Feb. 17, 2011.

Lincoln W. Hobbs, Margaret H. Olson, Julie Ladle, and Kathy A. Davis, Salt Lake City, for Appellant.

Joseph M.R. Covey and Michael T. Hoppe, Salt Lake City, for Appellees.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## OPINION

THORNE, Judge:

¶ 1 Allen F. Grazer appeals the district court's order denying his motion for partial summary judgment and granting Ludvig D. and Jackie M. Olsen, Trustees of the Ludvig D. and Jackie M. Olsen Trust's (the Olsen Trust) cross-motion for partial summary judgment.[1] We affirm.

## BACKGROUND

¶ 2 Pursuant to a writ of execution, the Davis County Sheriff sold the interests of Gordon A. and Linda G. Jones and Richard H. and Renae Carnon Barney (collectively, the debtors) in certain real property located in Davis County (the Property) on January 17, 2008. At the sheriff's sale, Lincoln W. Hobbs, attorney for Grazer, purchased the property with a credit bid of $191 on behalf of Grazer.

¶ 3 Thereafter, the debtors executed a written assignment of redemption rights, assigning their rights to redeem the Property to the Olsen Trust.[2] On July 8, 2008, the Olsen Trust, through the Joneses' counsel, attempted to redeem the Property by delivering to Hobbs (1) a copy of the assignment, (2) a check made payable to Hobbs for $210, and (3) a certificate of redemption (the First Redemption Attempt). That same day, Hobbs, in a letter to the Joneses' counsel, rejected and returned the check and documents for the following reasons:

First of all, my client now resides in Colorado and you did not ask if I could accept service on his behalf and I am not authorized to do so. I have not yet had an opportunity to talk to him, although I will attempt to do so; if I can accept service of

similar documents on his behalf, I will let you know.

Also, I am rejecting the tender of the check payable to me, for the redemption of property owned by my client. This is clearly not appropriate and I intend to insist upon strict compliance in your clients' attempted transfer of the redemption rights.

¶ 4 On July 9, Hobbs recorded a notice of amounts paid and owed with the Davis County Recorder's Office claiming Grazer had incurred and paid $2178 in conjunction with the sale along with an additional $2750 due for fair rental value attributable to the use of the Property after the sheriff's sale.

¶ 5 On July 10, after being informed by Hobbs that he was now authorized to accept service, the Olsen Trust again attempted to redeem the Property delivering to Hobbs (1) a copy of the assignment, (2) a check made payable to Grazer in the amount of $210, and (3) a proposed certificate of redemption (the Second Redemption Attempt). Hobbs, in a letter to the Olsen Trust, rejected the second request based on his belief that the Olsen Trust's "assignment of the redemption right was not a bona fide transfer for value and [was] thus ... a fraudulent transfer," that the attempted redemption "failed to pay the amounts" Grazer claimed owed in his notice of amounts paid and owed recorded on July 9, and his belief that the Joneses had used the Property for storage and dumping of construction materials since the sheriff's sale. The Olsen Trust's check and documents were subsequently returned.

¶ 6 On July 15, counsel for the Joneses and the Olsen Trust submitted to the district court a request for an accounting of rents and profits with respect to the Property. On August 15, counsel for the Joneses and the Olsen Trust also filed with the court a petition for establishment of redemption price on the Property with a check in the amount of $2465 purporting to encompass the entire undisputed and correct amount of the redemption price for the Property. Grazer

---

1. The district court's judgment was certified under rule 54(b) of the Utah Rules of Civil Procedure.

2. The Joneses assigned their right to redeem the Property to the Olsen Trust on July 3, 2008, and the Barneys assigned their right on July 7.

filed a motion to strike the parties' petition for establishment of redemption, claiming the petition was untimely. The district court, in a written ruling, found that the Olsen Trust had failed to strictly comply with rule 69C(f) of the Utah Rules of Civil Procedure pertaining to the twenty-day deadline for filing a petition to determine a disputed redemption price. *See generally* Utah R. Civ. P. 69C(f). The court also noted that the ruling was limited in scope and did not foreclose the parties from later moving the court for a determination that redemption had occurred as a result of the First or Second Redemption Attempt.

¶ 7 Thereafter, Grazer filed a motion for partial summary judgment, requesting the court to establish as a matter of law that the Olsen Trust's First Redemption Attempt was invalid for failure to tender the check to the correct party and that the Second Redemption Attempt was invalid for failure to tender the correct redemption amount, and enter an order requiring the Davis County Sheriff to complete the sheriff's deed and finalize the sale. A month later, the Olsen Trust filed a cross-motion for partial summary judgment on the same issue requesting the court to establish as a matter of law that the Olsen Trust's redemption efforts substantially complied with rule 69C and enter a judgment in favor of the Olsen Trust. The district court conducted a hearing on the various partial summary judgment motions, after which the court denied Grazer's motion based upon the holdings and analyses of *United States v. Loosley*, 551 P.2d 506 (Utah 1976), and *Tech–Fluid Services, Inc. v. Gavilan Operating, Inc.*, 787 P.2d 1328 (Utah Ct.App.1990). The district court found,

> [T]he Olsen Trust need only substantially comply with the procedures of Rule 69C(c) for their redemption attempts to succeed.
>
> In the [First Redemption Attempt] the Olsen Trust provided Grazer's counsel with: (1) a copy of the Assignment; (2) a check made payable to Grazer's counsel in the amount of $210.00, purporting to cover the $191.00 purchase price plus six percent (6%) annual interest accruing from the date of the sheriff's sale; and (3) a certificate of redemption. While the Olsen Trust

failed to provide Grazer with a certified copy of the judgment/lien and an affidavit regarding the amount due, the Court finds that the Olsen Trust nevertheless substantially complied with the procedural requirements of Rule 69C(c). In so ruling, the Court finds that Grazer's argument that his counsel did not have authority to accept the [First Redemption Attempt], is unpersuasive and without merit. As argued by the Olsen Trust, Grazer's counsel was involved from the beginning of this litigation and had the authority to accept documents filed therein throughout the proceedings.... Accordingly, the Court must DENY Grazer's motion for partial summary judgment regarding invalidity of [the] attempted redemptions.

The district court then considered and granted the Olsen Trust's cross-motion for partial summary judgment based on the court's earlier ruling that the Olsen Trust's First Redemption Attempt substantially complied with rule 69C(c). Grazer now appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 8 Grazer argues that the district court erred in denying his motion for partial summary judgment and granting the Olsen Trust's cross-motion for partial summary judgment. "This court review[s] a summary judgment determination for correctness, granting no deference to the [district] court's legal conclusions." *Andrus v. Northwestern Mut. Life Ins. Co.*, 2010 UT App 265, ¶ 7, 241 P.3d 385 (alterations in original) (internal quotation marks omitted).

## ANALYSIS

■ ¶ 9 Grazer argues that the district court erred when it concluded that the Olsen Trust need only substantially comply with the procedures of rule 69C(c) to successfully redeem the Property. *See generally* Utah R. Civ. P. 69C(c). Grazer argues that strict compliance with the redemption provision is required and the Olsen Trust's First Redemption Attempt was unsuccessful because it failed to serve Grazer with two of the three required documents. Rule 69C(c) provides that to redeem the property after a sheriff's sale,

the redemptioner shall pay the amount required to the purchaser and shall serve on the purchaser:

(c)(1) a certified copy of the judgment or lien under which the redemptioner claims the right to redeem;

(c)(2) an assignment, properly acknowledged if necessary to establish the claim; and

(c)(3) an affidavit showing the amount due on the judgment or lien.

*Id.* The Olsen Trust did not serve either a certified copy of the judgment under which the Olsen Trust claims the right to redeem nor an affidavit showing the amount due on the judgment.

¶ 10 Grazer cites the strict compliance language in *Springer v. Springer,* 853 P.2d 888 (Utah 1993), and *Huston v. Lewis,* 818 P.2d 531 (Utah 1991), in support of his argument that strict compliance with rule 69C(c) is required. However, neither case requires strict compliance with the particular provision at issue here. Rather, both cases hold that strict compliance is required with the redemption period and price dispute process provisions of former rule 69(f)(3), which provisions are currently addressed under rule 69C(d) and (e). *See Springer,* 853 P.2d at 891 (noting that the supreme court previously held that redemption under rule 69(f)(3) requires strict compliance except where a court sitting in equity decides that the circumstances warrant an extension of the redemption period); *Huston,* 818 P.2d at 535 ("It is clear that the right of a purchaser at a sheriff's sale either to receive the proper redemption amount in accordance with rule 69(f)[ (3) ] or to have the title perfected at the end of the six-month period is a substantive right. Accordingly, strict compliance with the six-month redemption period is normally required.").

¶ 11 The case law evaluating the necessity of strict compliance for redemption provisions establishes that substantial compliance with the procedural requirements of the redemption provisions outlined in rule 69C(c) may in some instances be deemed sufficient. For example, in *United States v. Loosley,* 551 P.2d 506 (Utah 1976), the Utah Supreme Court considered the necessity for strict compliance and explained that

if a debtor, acting in good faith, has substantially complied with the procedural requirements of the rule in such a manner that the lender mortgagee is not injured or adversely affected, and is getting what he is entitled to, the law will not aid in depriving the mortgagor of his property for mere falling short of exact compliance with technicalities.

*Id.* at 508. Thereafter, this court in *Tech–Fluid Services, Inc. v. Gavilan Operating, Inc.,* 787 P.2d 1328 (Utah Ct.App.1990), discussed various out-of-state and Utah cases, including *Loosley,* when evaluating the necessity for strict compliance. Based on its review of the applicable case law, this court affirmed that substantial compliance is the proper test for application of rule 69(f)(2). *See Tech–Fluid Servs.,* 787 P.2d at 1334. The supreme court in *Springer* again acknowledged that substantial compliance with certain provisions of the redemption statute may be sufficient, stating that it "has allowed substantial compliance with the requirements of rule 69(f)(2), which prescribes the process by which redemption is made, but not with rule 69(f)(3)[, which establishes the redemption period]." 853 P.2d at 891 (citation omitted).[3] Based upon this authority we conclude that the district court did not err by determining that the Olsen Trust need only substantially comply with the procedural requirements of rule 69C(c).

**3.** The Utah Supreme Court in *United States v. Loosley,* 551 P.2d 506 (Utah 1976), *Springer v. Springer,* 853 P.2d 888 (Utah 1993), and this court in *Tech–Fluid Services, Inc. v. Gavilan Operating, Inc.,* 787 P.2d 1328 (Utah Ct.App.1990), dealt with former rule 69(f)(2), which rule contains substantially the same provisions as current rule 69C(c). *Compare* Utah R. Civ. P. 69(f)(2) (requiring the redemptioner to pay the required amount and serve on the purchaser "(1) a certified copy of the docket of judgment under which he claims the right to redeem, or if he redeems upon a mortgage or other lien, a memorandum of the record thereof certified by the recorder; (2) an assignment, properly acknowledged or proved, where the same is necessary to establish his claim; [and] (3) an affidavit ... showing the amount then actually due on the lien"), *with id.* R. 69C(c).

¶ 12 Grazer next argues that the district court erred by finding that the Olsen Trust's First Redemption Attempt substantially complied with rule 69C(c). Grazer asserts that providing only one out of the three required documents is not substantial compliance. We disagree. The document deficiencies in this case—failure to serve a certified copy of the judgment and an affidavit showing the amount due—mirror those in *Loosley. See Loosley*, 551 P.2d at 507. The redemptioner in *Loosley* failed to serve a certified copy of the judgment and affidavit showing the amount due on the lien. *See id.* The supreme court in *Loosley* held, despite the document deficiencies, that the redemption request was satisfied because the assignment was proper, the redemptioners had tendered the correct amount within the prescribed time, and the purchasers failed to object to the amount submitted. *See id.* at 508. Because the court found substantial compliance in *Loosley* based on the same document deficiencies at issue in this case and Grazer does not demonstrate that he is prejudiced by such deficiencies,[4] we are obliged to conclude that substantial compliance was effected in this case.[5]

¶ 13 In addition to his document deficiencies argument, Grazer also asserts that the Olsen Trust's First Redemption Attempt was unsuccessful because the trust failed to tender the correct redemption amount to the correct party. Rule 69C(e) of the Utah Rules of Civil Procedure provides that "[t]he price to redeem is the sale price plus six percent [for an initial redemption]" and plus three percent for a subsequent redemption, unless

> the purchaser or redemptioner files with the county recorder notice of the amounts paid for taxes, assessments, insurance, maintenance, repair or any lien other than the lien on which the redemption was

based, the price to redeem includes such amounts plus six percent for an initial redemption or three percent for a subsequent redemption. Failure to file notice of the amounts with the county recorder waives the right to claim such amounts.

Utah R. Civ. P. 69C(e). Here, the Olsen Trust submitted to Hobbs a check made payable to Hobbs for $210 to cover the $191 purchase sales price plus six percent pursuant to rule 69C(e) on July 7, 2008. When the Olsen Trust submitted the check to Hobbs the amount was correct because no notice of additional amounts had been filed. It was not until after that first attempt, on July 9, that Hobbs recorded a notice of amounts paid and owed with the Davis County Recorder's Office claiming Grazer had incurred and paid additional monies in conjunction with the sale and due to the use of the Property after the sheriff's sale.

¶ 14 Regarding Grazer's argument that the redemption documents and check were served on the wrong party, the district court found that Hobbs had been involved as Grazer's attorney from the beginning of this litigation and that Hobbs indeed had the authority to accept the documents filed therein throughout the proceedings. Grazer does not challenge this finding by the district court. As such, Hobbs had the authority to accept the money on behalf of Grazer, including the right to deposit the funds into a client trust account for Grazer. As a result, we conclude there is no merit to Grazer's argument that the Olsen Trust failed to tender the correct redemption amount to the correct party.

¶ 15 We affirm the district court's partial summary judgment rulings that the Olsen Trust's First Redemption Attempt substantially complied with rule 69C(c).

---

4. In rejecting the Olsen Trust's First Redemption Attempt, Grazer, through his attorney Hobbs, identified various deficiencies, i.e., Hobbs's lack of authority to accept service of redemption documents and the check made payable to Hobbs rather than Grazer, but did not assert that he was prejudiced by these alleged deficiencies. Nor does it appear that Grazer asserted any prejudice from the document deficiencies in the district court. The record does not, however, include a transcript of the hearing on the various summary judgment motions.

5. Considering our conclusion that the Olsen Trust's First Redemption Attempt was successful, we do not determine whether the Olsen Trust's Second Redemption Attempt substantially complied with the procedures of rule 69C(c).

## CONCLUSION

¶ 16 The Utah Supreme Court has established that substantial compliance with the procedural requirements of the redemption provision, that prescribes the process by which redemption of property from a sheriff's sale is made, is sufficient to satisfy the rule. *See Springer v. Springer,* 853 P.2d 888, 891 (Utah 1993); *United States v. Loosley,* 551 P.2d 506, 508 (Utah 1976). While the Olsen Trust failed to provide Grazer with a certified copy of the judgment and an affidavit showing the amount due on the judgment, based upon *Loosley,* the Olsen Trust nevertheless substantially complied with the procedural requirement of rule 69C(c) under these facts. Accordingly, we affirm the district court's partial summary judgment rulings, which determined that the Olsen Trust's First Redemption Attempt substantially complied with rule 69C(c).

¶ 17 Affirmed.

¶ 18 WE CONCUR: GREGORY K. ORME and MICHELE M. CHRISTIANSEN, Judges.